IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WARREN EDWARD BLACK, 248326, ) | |
|            Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-1445-N |
| ) | |
| RISSIE OWENS, ET AL., ) | |
|            Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Parole Board Chairperson Rissie Owens, Hearing Officer Michael Adams and Supervising Parole Officer Mareshei Delaney.

### II. Background

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He argues his parole revocation was unlawful because he was denied counsel and was unable to adequately represent himself because he is a psychiatric patient and was on medication during the proceedings. He seeks money damages.

On September 17, 2009, Plaintiff filed correspondence seeking to amend his complaint to add the claim that prison officials have retaliated against him. He states officials at the TDCJ

Coffield Unit have retaliated against him by demoting him to a less favorable prison job.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

**1.** *Heck v. Humphrey*

Plaintiff claims his parole revocation was unlawful. In *Heck v. Humphrey*, 512 U.S. 477

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -2-

(1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). The Fifth Circuit has extended *Heck* to proceedings that call into question the fact or duration of parole. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

Plaintiff's claim for damages is clearly connected to the legality of his revocation. Plaintiff's revocation, however, has not been reversed, expunged, or otherwise invalidated. *(See* Magistrate Judge's Questionnaire, Answer No. 2). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2. Retaliation Claims**

Plaintiff seeks to amend his complaint to add the claim that prison officials at the Coffield Unit retaliated against him by demoting him to an unfavorable prison job.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim

occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Plaintiff's claims arise out of events that occurred at the Coffield Unit in Anderson County, Texas. Anderson County lies within the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124. Accordingly, Plaintiff should file his retaliation claim in that Court. The Court recommends that leave to amend the complaint be denied.

## **RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims regarding his revocation be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's motion for leave to amend his complaint be denied.

*[signature]*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).